

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

March 14, 2019

**Via ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

*Re: Request for adjournment*
*Marcus v. Lominey et. al.  18-cv-01857*

Dear Hon. Judge Román,

I represent the Plaintiff in the above referenced matter. I am writing on consent of opposing counsel requesting to forms of relief. The parties are requesting to amend the Court's discovery Order and trial of the issues in this case because the Parties desire to bifurcate the litigation of liability and damages.

**Factual Background**

This case concerns two main issues: (1) did the Parties enter into an oral contract that entitled the Plaintiff to a job for the rest of his career as the Defendants office manager and a share of the net earnings of the Defendants' medical practice because he allegedly loaned the Defendants more than $200,000 to start the business?[1] And, (2) did the Defendants fail to pay Plaintiff overtime wages during his last few months of employment?

The Plaintiff and the Defendant were in a romantic relationship. Defendant Lominey is a doctor and Plaintiff Marcus was a business man. The Plaintiff claims that he and Defendant orally agreed that he would bankroll Defendants medical practice, and that he provided several hundred thousand in capital to bankroll Pediatric Adolescent Medicine, the other named defendant in this action. In exchange for the financing, the Plaintiff claims that Defendant agreed to give him a job as office manager for life in addition to a 50% share in the profits of the business. The Defendant alleges that Plaintiff preyed upon Dr. Lominey who was not a sophisticated business person, that she was only holding Plaintiff's capital as a means of him hiding his personal assets and that the business did not need any startup capital.

---

[1] Defendant believes this issue can be resolved on a summary judgment motion, but if it does not, agrees that a bifurcated trial is warranted for the reasons set forth in this letter.

5509597

What sparked this lawsuit was that Defendant made some business transaction whereby Pediatric Adolescent Medicine ceased doing business in its corporate capacity when it began working with another organization. [2] When this transaction occurred, Plaintiff lost his job and no longer was receiving his share of the profits from the business, he also lost all the money he gave the defendants to start the business. [3]

## **Bifurcation**

Bifurcation is governed by Rule 42(b) of the Federal Rules of Civil Procedure which provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

- Fed. R. Civ. P. 42(b).

"Whether to bifurcate a trial . . . is a matter within the sound discretion of the trial court. To determine whether bifurcation is warranted, courts generally consider the following three factors: 1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses.' The moving party bears the burden of establishing that bifurcation is warranted. Generally, bifurcation is the exception, not the rule." *McCaffery v. McCaffery*, No. 11 CV 0703 DRH AYS, 2015 WL 1809565, at *1 (E.D.N.Y. 2015)(internal citations omitted). "Specifically, the Second Circuit has stated that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue." *Id., at *3;* citing *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

Here, the Parties agree that it makes sense to bifurcate this matter by trying the issue of liability separately from damages, but the factors also weigh in favor of bifurcation.

The first factor- significant resources- weighs in favor of bifurcation. To prove this case, it will be necessary to employ experts that can testify to the value of the medical practice and Plaintiff's lost revenue share. After speaking with experts in this field, they have estimated that a full engagement from expert report through trial will costs approximately $25,000-$30,000 in expert fees. However, this expense is totally unnecessary if the Plaintiff loses his case on liability, and the expert is not needed to testify to the creation of an oral contract or to the overtime wages Plaintiff claims he is entitled. Consequently, saving the Parties from incurring significant costs favors bifurcation.

---

[2] The Details of this transaction have not been explored in discovery yet.
[3] These are only allegations for purposes of explaining the lawsuit and Defendants deny these allegations.

The second factor- increasing juror comprehension- also favors bifurcation. The Parties feel that a jury could become overwhelmed with complicated information if they had to first wrestle with finding the creation of an oral agreement based on circumstantial evidence while also listening to an expert give financial analysis concerning how medical practices are valued, discounted cashflows, present value analysis and other technical financial analysis. In fact, from Plaintiff's perspective, if liability was established, damages can most likely be submitted to the Court for a determination rather than a jury. Accordingly, the second factor weighs in favor of bifurcation.

Finally, the third factor- whether bifurcation will lead to repeat presentations of the same evidence and witnesses- weighs in favor of bifurcation. Although the Plaintiff and Defendant may be called to testify at both a liability and damages trial, they would not be the main witnesses in a damages trial. An expert would be the main, if not only, witness that would be testifying concerning the value of the medical practice and lost revenues because that requires an expert analysis, assumptions, and conclusions beyond a lay witness such as the Plaintiff and Defendants. Thus, the final factor favors bifurcation.

The Parties believe that bifurcation, although the exception and not the rule, would be a reasonable way to proceed in this case. Doing so would save the parties significant resources and this case could potentially be disposed of during the liability phase. If the Court desires, the Parties can submit a proposed case management plan consistent with this motion for the Court's review in lieu of Friday's conference.

Thank you for your time and consideration to this matter.

Respectfully Submitted,

By:_____
Jordan El-Hag, Esq.