UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY MARCUS, | Civil Action No: 18-cv-1857 (NSR)(LMS) |
| Plaintiff, | |
| -against- | **STIPULATION AND ORDER** *and see new ¶13* |
| MARIE MICHELINE LOMINY AND PEDIATRIC ADOLESCENT MEDICINE LLC, | |
| Defendants. | |

## CONFIDENTIALITY STIPULATION AND PROPOSED ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff JAY MARCUS and

Defendants MARIE MICHELINE LOMINY AND PEDIATRIC ADOLESCENT MEDICINE LLC

(hereinafter, Plaintiff and Defendants will be referred to as the "Parties"), through their respective

attorneys, as follows:

1.      "Confidential Information".     The Parties may designate any document, thing,

material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms

of this Agreement.

(a)     The term "Confidential Information" as used herein includes, but is not

limited to, responses to requests for production of documents, deposition transcripts, deposition

exhibits, and other writings or things produced, given or filed in this action that are designated by

a party as "CONFIDENTIAL" in accordance with the terms of this Agreement, as well as to any

copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded

information containing, reflecting, or disclosing such information.  By way of example and not

limitation, Confidential Information includes, but is not limited to HIPAA-protected information,

medical records, a party's financial books and records, tax returns, statements, billing information,

bank account information, and any other sensitive personal, financial and/or proprietary

information that a party deems confidential.

(b)    The designation of Information as Confidential Information in this proceeding is solely for purposes of this Agreement, without prejudice to any party's right to contest that designation in any other context. All Confidential Information produced in this case, and materials and information received through discovery shall be used solely for the purpose of this litigation as permitted under this Agreement and shall not be used for any other purpose. This includes, but is not limited to, non-litigation, arbitration/litigation in other cases, dissemination to third-parties, dissemination to the press, attorneys not representing parties in this case, or state or federal governmental agencies, offices, agents, officials (elected or otherwise), except pursuant to valid subpoena. If a valid subpoena is issued for any documents produced and designated as Confidential Information, the party so served shall immediately serve a copy of the subpoena on all Parties, so the other party has the opportunity to move to quash.

(c)    Confidential Information includes all original documents and copies thereof which a party has designated as such by marking each page of the document with the legend "CONFIDENTIAL" as appropriate.

(d)    All Parties shall act reasonably and in good faith in designating documents as "CONFIDENTIAL."

2.    Designation of Information as Confidential.

(a)    Any information supplied in electronic, written, documentary or other tangible form, which a supplying party wishes to designate as Confidential Information, shall be labeled by the supplying party as "CONFIDENTIAL" as appropriate. A party may also designate material "CONFIDENTIAL" by specifically identifying a document by bates number in a letter to the opposing party. Any documents/materials designated "CONFIDENTIAL" may only be shared with a "Qualified Person" (defined in paragraph 4(a) below). Neither the designation nor the disclosure of information pursuant to this Agreement shall operate as a waiver of attorney-client privilege or protections afforded by the attorney work product doctrine with respect to the subject of the information disclosed.

2

(b)     Any party may designate documents produced by any other party or a non-party as Confidential Information by informing all parties in writing of the designation and specifically identifying a document by bates number.  Upon notice of such designation, each party holding the affected documents shall properly label them as provided in paragraph 2(a).

(c)     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for Defendants or Plaintiff, at the time of such disclosure, that such testimony shall be treated as Confidential Material; or (ii) by written notice sent to all parties within 10 business days after receiving a copy of the transcript thereof that such testimony shall be treated as Confidential Material.

3.     Non-Disclosure of Confidential Information.

(a)     Information and materials designated as Confidential Information pursuant to this Agreement, including documents labeled "CONFIDENTIAL" pursuant to paragraph 2(a), may be disclosed or made available only as set forth in paragraph 2(a) and paragraph 4 of this Agreement, and shall not be given to, reviewed by, given copies to, sent to or otherwise made in any way, to those not so designated.

(b)     Each person, including counsel for a party, who receives Confidential Information pursuant to this Agreement shall maintain it in a secure manner that limits access only to persons permitted to have access to such information as set forth in paragraph 2(a) above.

(c)     Within 60 days after the final termination of this action, the receiving party shall either: (1) assemble and return to each designating party or person, or (2) destroy all material embodying information designated as Confidential Information, including all copies of such documentary material.  Should a party elect to destroy all materials rather than return such materials, counsel for such party shall provide a written confirmation of such destruction within 30 days after the final termination of this action.

(d)     The Parties and Persons stipulate and agree that Confidential Information shall not be used or disclosed for any purpose other than this litigation.

3

6034322

(e)     This Agreement applies only to the use or disclosure by a party of Confidential Information designated as such by another party. It shall not have the effect of limiting the supplying or designating party's right to make use of the party's own documents, materials and information for any proper purpose outside of this litigation.

4.     "Qualified Persons".

(a)     Regarding documents/materials designated "CONFIDENTIAL," "Qualified Persons" are:

i.     The court reporters and similar personnel;

ii.     El-Hag & Associates P.C. and Kaufman Borgeest & Ryan LLP and their respective members, associates, clerks, employees, and paralegals involved in the conduct of this litigation;

iii.     Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action and who are not employed by a direct competitor of the designating party;

iv.     A witness at any deposition or other proceeding in this action who signs "Exhibit A" prior to receiving such documents;

v.     The Parties named in this litigation; and

vi.     Any other person as to whom the Parties agree in writing.

(b)     Before receiving any Confidential Information, each Qualified person shall be provided with a copy of this Agreement and, with regard to any non-party witness to whom Confidential Information is disclosed under this Agreement, said non-party witness shall execute a nondisclosure agreement in the form of the attached "Exhibit A."

(c)     A Qualified Person with custody of information designated as Confidential Information shall maintain it in a manner that limits access only to Qualified Persons. Further, each Qualified Person with custody of such information shall, within 30 days after the final termination of this action, assemble and return to each supplying party or person all material

4

embodying information designated as Confidential Information, including all copies of documentary evidence.

5.    Litigation Procedures.  In the event that any Confidential Information is used in any proceeding in this action, it shall not lose its status as Confidential Information and the party using it shall take all reasonable steps, to maintain its confidentiality during such use, as follows:

(a)    For applications and motions to the Court, in connection with which a party submits Confidential Information, the submitting party shall request leave of the Court to file all documents containing Confidential Information under seal.  If the request to file documents under seal is granted by the Court, the submitting party shall file the documents containing Confidential Information under seal pursuant to the Court's filing procedures.

(b)    Any court proceeding which refers to or describes Confidential Information may in the Court's discretion be held in camera.

(c)    If any party desires, at any proceeding (whether in court or out of court), to offer into evidence Confidential Information or otherwise to use Confidential Information so as to reveal its nature, such offer or use shall be made only upon taking all necessary steps to preserve the confidentiality of the material.   The party desiring to offer into evidence Confidential Information shall ask the court reporter to separately transcribe those portions of the testimony so designated and place the following words on the cover of the transcript containing such information: "CONFIDENTIAL: SUBJECT TO PROTECTIVE AGREEMENT" as appropriate.

6.    No Probative Value.  This Agreement is entered for the purpose of facilitating the exchange of documents and information between the Parties to this action and Persons without involving the Court unnecessarily in the process.  The designation of information or material as Confidential Information pursuant to this Agreement shall not determine or affect the probative value of the information.

7.    Procedure for Obtaining Additional Protection or Declassification.  In the event that there is a dispute about the propriety of a designation of information as Confidential

5

6034322

Information, the following procedure shall be followed:  Counsel for a party may provide written notice to the designating party or person of his/her intention to: (a) seek additional protection for documents or materials, (b) disclose information subject to this Agreement, or (c) declassify any information designated Confidential Information.  The designating party shall, within five (5) business days after receiving such notice, state whether it objects to such disclosure or declassification.  In the event that objection is made, counsel for the party desiring to make disclosure or declassification and counsel for the designating party shall promptly make a good faith effort to resolve the matter.  Failing such resolution, the party desiring to make disclosure or declassification may make a motion to the Court to require such disclosure.  However, the party seeking declassification of the information as Confidential Information shall bear the burden of demonstrating that the material is not confidential, private, proprietary or otherwise should not be protected from disclosure.  The information in controversy shall not be disclosed or declassified until required by the Court upon written Agreement, or as agreed in writing by the party who designated the information.

8.      Inadvertent Disclosure. Should any document or information designated as Confidential Information pursuant to this Agreement be disclosed, through inadvertence or error, to any person or party not entitled to receive same hereunder, then the Parties shall use their best efforts to bind such persons to the terms of this Agreement and:

(a)      such person shall be informed promptly of all of the provisions of this Agreement by the party who inadvertently disclosed the Confidential Information.

(b)      such person shall be identified immediately to the party that designated the document or information as Confidential Information; and

(c)      such person shall be asked to sign an agreement to abide by the terms of this Agreement, which signed agreement shall be served on the party designating the document as Confidential Information.

6

6034322

9.    Discoverability and Admissibility of Documents.    Nothing in this Agreement shall be construed to affect either the discoverability or admissibility at any proceeding herein of any document/materials, recording or thing.  Neither shall any party's entry into this Agreement be deemed to waive either their right to object to the production of documents, recordings, or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by another party or entity on appropriate grounds.

10.    No Waiver.    No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not constitute a waiver of, or preclude a subsequent attack on, the propriety of such designation.  Nothing in this Agreement shall abridge the right of any person/entity to seek review or to pursue other appropriate action to seek a modification or amendment of this Agreement.

11.    Jurisdiction.    This Agreement shall survive the final termination of this action, to the extent that the information designated as Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information, disclosed pursuant to or in violation of this Agreement.

12.    Treatment of Materials While Agreement is Pending.  Upon execution of this Agreement by counsel to the Parties hereto and while this Agreement is pending before the Court, all documents and information produced by any party that are designated as Confidential Information shall be treated by the Parties as classified by the designated party pursuant to the terms of this Agreement.

13.  This stipulation is subject to Standing Order M-10-468, entered 10/5/2001, copy attached.

7

6034322

**STIPULATED AND AGREED TO:**

EL-HAG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By:
Jordan El-Hag

Dated:

KAUFMAN BORGEEST & RYAN LLP
*Attorneys for Defendants*

By:
Joan M. Gilbride

Dated:

SO ORDERED:

12/6/19

Honorable Lisa M. Smith

8

6034322

<u>EXHIBIT A</u>
NON-DISCLOSURE AGREEMENT

I, _____ (Print Name), being of full age, certify that

I have read the Stipulated Confidentiality Agreement ("Agreement") entered in the Action entitled,

*Jay Marcus v. Marie Micheline Lominy and Pediatric Adolescent Medicine LLC*, Civil Action No.

18cv1857 (NSR)(LMS); and agree to be bound by its terms; to maintain that information

designated as Confidential Information in confidence; not to use or disclose information

designated as Confidential Information to anyone other than to a Qualified Person; and not to use

Confidential Information except in connection with the lawsuit, provided that nothing shall prevent

disclosure beyond the terms of this Agreement if the party claiming confidentiality consents in

writing prior to disclosure.

To effectuate my compliance with this Agreement, I further submit myself to the personal

and subject matter jurisdiction of the United States District Court, Southern District of New York,

in this Action.  I understand that if I violate the provisions of the Agreement, I may be subject to

sanctions by the United States District Court, Southern District of New York.

I agree not to use any Confidential Information disclosed to me pursuant to the Agreement

except for purposes of the above-captioned case and not to disclose any such information to

persons other than those specifically authorized by said Agreement, without the express written

consent of the Party who designated such information as Confidential Information or by

Agreement of the Court.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Print Name

_____
Address

6034322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF        :
SEALED DOCUMENTS IN CIVIL CASES      :        STANDING ORDER
                                     :        M-10-468
                                     :
------------------------------------X

MICHAEL B. MUKASEY, CHIEF JUDGE:

Any protective order in any civil case that provides

for the filing of information under seal shall include the

following provision:

"Sealed records which have been filed with the clerk shall

be removed by the party submitting them (1) within ninety

(90) days after a final decision is rendered if no appeal is

taken, or (2) if an appeal is taken, within thirty (30) days

after final disposition of the appeal.  Parties failing to

comply with this order shall be notified by the clerk that,

should they fail to remove the sealed records within thirty

(30) days, the clerk may dispose of them."

This order will be self-executing, in that the Clerk

will treat all protective orders that direct the sealing of

documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated:   New York, New York          Michael B. Mukasey
         October 5, 2001             U.S. District Judge

TOTAL P.01