UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARCUS,

                Plaintiff,

-against-

LOMINY,

                Defendants.
------------------------------------------------------------ x

**ORDER**

18 Civ. 1857 (NSR)(LMS)

Lisa Margaret Smith, United States Magistrate Judge:

    Plaintiff moves to compel production of certain documents in discovery. The motion is granted, as set forth herein. I find that the documents in question are relevant, and that their production would not be disproportional to the needs of the case. If responsive documents have been produced, they must be identified with specificity by request number and Bates number in the response to this Order.

    Request number 9: Plaintiff seeks production of communications between Dr. Lominy and her personal accountant during "the Relevant Time Period." DE # 62-6 at p. 7, Document Request No. 9. Neither party has informed the Court what the "Relevant Time Period" is, but in their Opposition to the motion, Defendants do not object on that ground. Rather, the primary objections seem to be that such communications are confidential, and that Plaintiff has no such documents. DE #67 at pp. 1-2. Interestingly, the response to the demand itself does not state that Plaintiff has no documents responsive to the demand. DE # 62-6 at p. 7. Of course, there is no accountant-client privilege, and an assertion of confidentiality does not prevent production in discovery in a civil case. There is a Confidentiality Order in place (DE # 57) in this case, therefore any documents responsive to this demand may be marked as Confidential, if they

qualify under the Order. If Plaintiff has no such documents then an affirmative statement should be made to that effect. Plaintiff may, of course, seek such documents from her former personal accountant and from her ex-husband, if she chooses; if she does so she must notify Plaintiff's counsel what efforts she has made in that regard. If she chooses not to do so within a week of this Order, then Plaintiff may subpoena such documents from those persons.

Requests number 1, 2, 3, 4, 7, and 8: Plaintiff seeks certain financial and bank records which may show Defendants' ability to provide the Defendant business with financing, or may demonstrate that no such ability existed. Defendant Dr. Lominy relies in part on her claim that her salary as demonstrated by her W-2 for 2008 was enough to support the purported loan. No W-2 has been produced, and no salary figure has been identified. As I understand the testimony, she was a resident and a physician in the early part of her career. A quick internet search supports my conclusion that residents are not well paid, and certainly would not be likely to have saved more than $200,000 to loan her own business. Moreover, Dr. Lominy testified that she did not have that amount of money. The assertion (see DE # 67 at p. 2) that "Dr. Lominy's 'ability to fund' PAM is supported by her professional income prior to 2007" is extremely difficult to believe, in the absence of documentary support for such a claim. Thus, I conclude that Plaintiff has established relevance and a need for the documents in question. To the extent that Dr. Lominy asserts that she and PAM have no additional documents (or no documents at all), there must be a sworn statement of the extent to which a search has been conducted for such documents, and if documents are believed to be in the possession of someone else, that possessor must be identified with specificity, by name, contact information, and the documents believed to be in his or her possession. To the extent that Defendants assert with respect to number 7 that "disclosed during her divorce" is vague and ambiguous, such an objection is not well placed. A

financial disclosure during a divorce is about as specific as it can be, and the disclosure then made must be produced.

Request number 13: This request must also be responded to. As with the requests above, to the extent that Dr. Lominy asserts that she and PAM have no additional documents (or no documents at all), there must be a sworn statement of the extent to which a search has been conducted for such documents, and if documents are believed to be in the possession of someone else, that possessor must be identified with specificity, by name, contact information, and the documents believed to be in his or her possession.

This constitutes the Decision and Order of the Court.

Dated: January 14, 2020
White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York